IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELO B. SHORT,  # 210027, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10cv832-MHT |
| | ) | (WO) |
| LEEPOSEY DANIELS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 filed by state inmate Angelo B. Short ("Short").  Short challenges his 2006 conviction for second-degree robbery entered by the Circuit Court of Russell County, Alabama.  On August 3, 2006, the trial court sentenced Short, as a habitual felony offender, to 30 years in prison.

Short appealed his conviction and sentence.  His appellate counsel filed a no-merit, "*Anders* brief"[1] discussing five trial court rulings adverse to Short, but concluding that the adverse rulings presented no reversible error.  Short was afforded an opportunity to submit *pro se* issues for review on appeal, but failed to do so.  On April 20, 2007, the Alabama Court of Criminal Appeals affirmed Short's conviction and sentence in an unpublished memorandum opinion, finding no error harmful to Short's rights upon review of the record

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

in the case.  Ex. A.[2]  Short did not file an application for rehearing with the Alabama Court of Criminal Appeals, nor did he file a petition for a writ of certiorari with the Alabama Supreme Court.  On May 9, 2007, the Alabama Court of Criminal Appeals issued a certificate of judgment.

On December 16, 2007, Short filed a *pro se* state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure with the Russell County Circuit Court (the trial court).  Ex. B at 16-66.  In his Rule 32 petition, Short presented the following claims:

1. His trial counsel rendered ineffective assistance of counsel by (a) failing to investigate or call a key witness for the defense who would have testified that although the alleged robbery victim told police on the night of the robbery that he did not know Short, the victim in fact had previous dealings with Short; (b) failing to challenge the charge in the indictment; (c) failing to call him to the stand to testify in his own behalf; and (d) failing to move to suppress the victim's identification of him.

2. His appellate counsel rendered ineffective assistance of counsel by failing to seek an extension of time to file a motion for new trial preserving for appellate review his claim of ineffective assistance of trial counsel

3. His 30-year sentence amounted to cruel and unusual punishment

4. The trial court lacked subject matter jurisdiction to render judgment or impose sentence because (a) its jury charge improperly lowered the State's burden of proof, and (b) it improperly refused instructions on the lesser offense of theft and on complicity.

---

[2] References to exhibits ("Ex.") are to exhibits filed by the respondents.  Document numbers are those assigned by the Clerk.  Page references in the pleadings are to those assigned by CM/ECF.

Ex. B at 23-34.

On December 5, 2008, after receiving a response from the State, the trial court entered an order summarily denying several of the claims in Short's Rule 32 petition. *Id*. at 75-76. In that same order, the court scheduled an evidentiary hearing on Short's allegations of ineffective assistance of counsel. *Id*. at 76. The evidentiary hearing was conducted on February 3, 2009. *Id*. at 107-26. On May 26, 2009, the trial court entered an order denying the remaining claims in Short's Rule 32 petition. *Id*. at 95-96. The trial court's order reads, in pertinent part, as follows:

> The Hon. Charles Floyd, III, who represented Angelo B. Short [on direct appeal] testified [at the evidentiary hearing] that he found no error committed during the trial. Mr. Short claims his trial attorney [Brian Ramey] failed to call a witness on his behalf and failed to call the Defendant to the witness stand to testify on his own behalf.
>
> During the trial, the evidence established the Defendant's guilt without a reasonable doubt. The victim positively identified Angelo Short as the robber and Mr. Short's girlfriend testified that she had loaned her car to Angelo Short which he abandoned at the scene of the crime. The potential testimony of another witness was unlikely to have changed the jury's verdict, and Petitioner has not shown how this testimony would have changed the outcome of his trial.
>
> The failure of the Defendant to testify was a trial tactic used by defense counsel to avoid revealing to the jury that the Defendant, Angelo B. Short, had prior felony convictions. This cannot be deemed by appellate counsel as ineffective assistance of trial counsel. Thus, there was no duty of appellate counsel to raise this issue on appeal.
>
> Based upon the pleadings, facts at trial, and testimony in court, the Court hereby dismisses the Petition for Relief from Conviction and Sentence.

*Id.*

Short appealed from the denial of his Rule 32 petition, raising a claim that the trial court's ruling "was erroneous and premature, due to the fact [that] trial counsel for the appellant was not at the evidentiary hearing, thus making the hearing fundamentally unfair." *See* Ex. C at 2. On December 4, 2009, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed the denial of Short's Rule 32 petition, holding that because Short failed to first present his claim to the trial court, his claim was not properly before the appellate court on appeal. *Id.* Short filed an application for rehearing, which was overruled on January 8, 2010. *See* Doc. No. 19-1 at 8-14. On August 6, 2010, the Alabama Supreme Court denied Short's petition for writ of certiorari and issued a certificate of judgment. Exs. D and E.

On September 24, 2010, Short initiated this 28 U.S.C. § 2254 action by filing a habeas petition in which he asserts the following claims:

1.  He did not consent for a favorable witness to be released from a court-ordered subpoena to testify before the grand jury.

2.  The trial court, the prosecutor, and the public defender unlawfully released his favorable witness from the court-ordered subpoena.

Doc. No. 1 at 39-43.

In their answer to Short's petition, the respondents argue that Short's claims are procedurally defaulted because he failed to present the claims to the state courts in accordance with the State's procedural rules. Doc. No. 12 at 6-11. This court entered an order advising Short of his procedural defaults and allowing him an opportunity to file a

4

response addressing his defaults.  Doc. Nos. 13 and 19.  Upon consideration of the § 2254 petition, the parties' submissions, the record, and the applicable federal law, the court determines that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the present habeas petition is due to be denied as the claims raised therein by Short are procedurally barred from federal review.

## II.  DISCUSSION

The claims presented by Short in his petition for habeas corpus relief are, as the respondents correctly assert, procedurally defaulted because Short failed to present these claims to the state courts in accordance with the State's applicable procedural rules.

This court will not review claims made in a petition for writ of habeas corpus that were not first properly presented to the state courts.  "[I]n a federal system, the state should have the first opportunity to address and correct alleged violation of a state prisoner's federal rights."  *Coleman v. Thompson*, 501 U.S. 772, 731 (1991).  "Habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court."  *McNair v. Campbell*, 416 F. 3d 1291, 1302 (11th Cir. 2005).  This exhaustion requirement is "grounded in the principles of comity and federalism[.]"  *Henderson v. Campbell*, 353 F.3d 880, 897-98 (11th Cir. 2003).  "The exhaustion doctrine . . . is now codified at 28 U.S.C. § 2254(b)(1) [.]"  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  In order to properly exhaust claims, "state prisoners must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *Id*. at 845. *See also Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) ("Nothing in *Boerckel's* reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals."); *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule.").

In his federal habeas petition, Short asserts claims that (1) he did not consent for a favorable witness to be released from a court-ordered subpoena to testify before the grand jury and (2) the trial court, the prosecutor, and the public defender unlawfully released his favorable witness from the court-ordered subpoena.  A review of the record does not establish that Short ever squarely presented either of these claims in the state courts.[3] However, assuming *arguendo* that Short presented his instant habeas claims either on direct appeal or in his Rule 32 petition (or both), he failed to properly exhaust such claims in the state courts.  After the Alabama Court of Criminal Appeals issued its memorandum opinion on direct appeal affirming Short's conviction and sentence, Short filed neither an application for rehearing with the Alabama Court of Criminal Appeals nor a petition for a writ of

---

[3] None of the claims Short raised in the state courts appear to make reference to grand jury proceedings.  However, it is possible that, in making his claims in his habeas petition, Short has confused the petit jury with the grand jury.  The allegations underlying Short's habeas claims are particularly confusing, because Short makes numerous references to his witness being prevented from testifying before the grand jury *on August 30, 2006*.  *See* Doc. No. 1-2 at 39-40, 42-43. However, Short's trial concluded on May 16, 2006, when the petit jury returned a guilty verdict, and he was sentenced on August 3, 2006.

certiorari with the Alabama Supreme Court seeking review of the Alabama Court of Criminal Appeals' decision.[4]  Thus, he failed to exhaust the claims by invoking one complete round of the state's established appellate review process for any claims raised on direct appeal. Assuming (without so finding) that Short presented his instant habeas claims in the Rule 32 petition he filed in the trial court, he clearly did not present such claims in his appeal from the trial court's denial of his Rule 32 petition; in that appeal, he raised only the claim that the trial court's ruling denying his petition "was erroneous and premature" because his trial counsel was not at the evidentiary hearing on his petition.  Therefore, Short did not properly exhaust his claims in the state  courts.

The respondents also correctly assert that no state remedy remains by which Short may now present his unexhausted claims, because any attempt by Short to exhaust these claims in state court would now be barred by applicable state procedural rules.  Assuming Short raised these claims in his brief filed on direct appeal, it is now too late for him to file an application for rehearing in the Alabama Court of Criminal Appeals or a petition for certiorari review in the Alabama Supreme Court pursuing these claims.  Likewise, it is too late for him to assert these claims in an appeal from the denial of his Rule 32 petition. Finally, another Rule 32 petition asserting these claims would be barred as a successive

---

[4] In his reply to the respondents' answer, Short maintains that he filed an application for rehearing with the Alabama Court of Criminal Appeals and a petition for a writ of certiorari with the Alabama Supreme Court.  Doc. No. 19.  However, the exhibits Short includes as "support" for this assertion are copies of the application for rehearing and petition for writ of certiorari he filed in the state proceedings relating to his Rule 32 petition.  *See* Doc. 19-1 at 6-14.  The record contains no such evidence that Short filed an application for rehearing or petition for writ of certiorari in the state proceedings relating to his direct appeal.

petition, *see* Ala. R. Crim. P. 32.2(b) and 32.2(d), as well as an untimely petition, *see* Ala. R. Crim. P. 32.2(c).

The exhaustion and preclusion rules coalesce into the procedural default of Short's claims. "It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure . . . constitutes a procedural bar." *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005). *See Henderson*, 353 F.3d at 891 (when a petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted); *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile."); *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [federal courts must] . . . treat those claims now barred by state law as [procedurally defaulted with] no basis for federal habeas relief."). Consequently, Short's claims are procedurally defaulted.

This court may reach the merits of Short's procedurally defaulted claims "only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.*] *Sykes*, 433 U.S. [72,] 87 [(1977) ] . . . . Second, a federal court may also grant a habeas petition on

a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*." *Henderson*, 353 F.3d at 892.

A.   Cause and Prejudice

> "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id*.; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

*Henderson*, 353 F.3d at 892. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable availablity of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Short makes no attempt to demonstrate cause for his failure to present his federal habeas claims to the state courts in compliance with applicable procedural rules. Accordingly, he has failed to overcome the procedural default of his claims. Nevertheless, this court may still reach the merits of Short's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

B.   Fundamental Miscarriage of Justice

A federal court may grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray v.*

9

*Carrier*, 477 U.S. 478, 495-96 (1986).  A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent.  *See Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The miscarriage of justice standard is directly linked to actual innocence.  *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted.  *Id.* at 315.  This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496; *Schlup v. Delo*, *supra*.  "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'  *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  The standard exacted by *Schlup* "is demanding and permits review only in the 'extraordinary' case."  *House v. Bell*, 547 U.S. 518, 538 (2006).  Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims."  547 U.S. at 537.  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.  *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)."  *Bousley*, 523 U.S. at 623-24; *Doe v. Menefee*, 391 F.3d 147, 162 (2d Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").  *Schlup* observes that "a substantial claim that constitutional error has caused the conviction

10

of an innocent person is extremely rare . . . .  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  513 U.S. at 324.

Short fails to make the requisite showing.  Although he asserts that his failure to "receive the fair benefits of a fair trial" constitutes a fundamental miscarriage of justice (*see* Doc. No. 1-2 at 42), he presents no evidence – nor suggests that any exists – that could satisfy the difficult standard set forth in *Schlup*.  Consequently, his procedurally defaulted claims are foreclosed from federal habeas review

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief filed by Short be DENIED; and

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before July 11, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore,

11

it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 27th day of June, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE